**Penn Dodson (PD 2244)**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax
*penn@andersondodson.com*

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOPHIA MENA,<br><br>                    Plaintiff,<br><br>v.<br><br>BRABBLE INC.<br>BRABBLETV.COM LLC,<br>JAMES ("JIM") TROLICE<br>PATRICK ("PAT") G. MACARONIS,<br>JEFFREY DEPALMA and<br>PETER KAHN,<br><br>                    Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Sophia Mena worked for Defendants' mobile and web app "startup" software company for approximately a year and a half.  During this time, she was wholly unpaid for at least four months her employment, and was not paid any overtime premium pay for the hours over 40 that she worked. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against unregistered Defendants Brabble Inc., BrabbleTV.com LLC, and its principals, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' office located at One Penn Plaza, Suite 5320, New York, NY 10119.

## PARTIES

### Corporate Defendants

5. Defendant **Brabble Inc.** is a Delaware corporation doing business within the County of New York at relevant times, and whose office where Plaintiff worked was located at One Penn Plaza, Suite 5320, New York, NY 10119. Brabble Inc. is not registered with the NYS Department of State. Its registered agent is listed with the Delaware Department of State as Capitol Corporate Services, Inc. with an address of 1111B S Governors Ave., Dover DE 19904.

6. Defendant **BrabbleTVcom LLC** is a Delaware limited liability corporation doing business within the County of New York at relevant times, and whose office where Plaintiff worked was located at One Penn Plaza, Suite 5320, New York, NY 10119. **BrabbleTVcom LLC** is not registered with the NYS Department of State.

7. At all relevant times, Defendant Brabble had annual gross revenues in excess of

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

$500,000.

8. At all relevant times, Defendant Brabble was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant Brabble was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

10. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Pat Mackaronis**

11. Defendant Pat Mackaronis, an individual, resides at 95 Horatio St., Apt 215, New York, NY 10014, New York County, upon information and belief.

12. Defendant Mackaronis was the Founder of Brabble.

13. Defendant Mackaronis also serves or at relevant times served as the CEO of Brabble.

14. At times material to this action, Defendant Mackaronis actively participated in the business of the corporation.

15. At all times material to this action, Defendant Mackaronis exercised substantial control over the functions of the company's employees including Plaintiff.

16. At all times material to this action, Defendant Mackaronis was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Jim Trolice**

17. Defendant Jim Trolice, an individual, resides at 32 Grand St. Alpine, New Jersey 07620, Bergen County, upon information and belief.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 3

18. At times material to this action, Defendant Trolice actively participated in the business of the corporation.

19. At times material to this action, Defendant Trolice exercised substantial control over the functions of the company's employees including Plaintiff.

20. For example, Trolice set the timing and conditions of her pay (including telling her to "stop the drama" when she complained about not being paid correctly), had the authority to terminate Plaintiff, he

21. At times material to this action, Defendant Trolice was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Peter Kahn**

22. Defendant Peter Kahn, an individual, resides in New York County, upon information and belief.

23. Kahn became president of Brabble in approximately June, 2015.

24. At times material to this action, Defendant Kahn actively participated in the business of the corporation.

25. From the time he became president of Brabble, Kahn exercised substantial control over the functions of the company's employees including Plaintiff.

26. For example, Kahn had the authority to terminate Plaintiff, he

27. At times material to this action, Defendant Kahn was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Jeffrey DePalma**

28. Defendant Jeffrey DePalma, an individual, resides in New York County, upon information and belief.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 4

29. At times material to this action, Defendant DePalma actively participated in the business of the corporation.

30. At times material to this action, Defendant DePalma exercised substantial control over the functions of the company's employees including Plaintiff.

31. For example, DePalma set the timing and conditions of her pay (including telling her to "stop the drama" when she complained about not being paid correctly), had the authority to terminate Plaintiff, he

32. At times material to this action, Defendant DePalma was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Sophia Mena**

33. Plaintiff Sophia Mena is a resident of New York, New York.

34. At all times material to this action, Plaintiff Mena was an "employee" within the meaning of 29 U.S.C. § 203(e).

35. Plaintiff Sophia Mena worked for Brabble from April 22, 2013 to October 1, 2014.

36. Her title was Director of Product and Technology.

37. While in this position, Plaintiff Mena was supposed to be paid at a rate of $125,000 per year.

38. While working in this capacity, Plaintiff Mena was not expected to record her time worked.

39. Mena estimates that generally she worked approximately 40-70 hours per week. Her hours varied widely, as sometimes she would start working at 6:00 or 7:00 in the morning when she was working with people in other time zones (such as India) but otherwise

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 5

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

would start around 9:30am, and then would generally work until, on average, around 6:00pm.

40. Plaintiff Mena was not paid at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

42. By failing to pay her altogether for several months, Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of the FLSA.

*Failure To Pay Time Overtime Properly*

43. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Late Payments*

44. On at least some occasions, Plaintiff did not receive her paychecks on the prescribed paydays.

45. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 6

*Record-Keeping Failures*

46. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

47. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

49. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

52. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of NYLL § 652.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 7

*Improper Deductions / Failure To Pay Wages*

53. By failing to pay her any wages at all for weeks and months at a time, the Defendants made deductions from the wages of Plaintiff other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

*Failure To Pay Overtime*

54. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

55. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

*Failure To Pay Wages At Prescribed Frequency*

56. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

57. Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

58. When Plaintiff was separated from the company, the employer failed to pay the wages owing in her final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Failure to Provide Wage Notice*

59. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 8

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

### *Record-Keeping Failures*

60. At all relevant times, Defendant Brabble failed to establish, maintain and preserve for not less than three years records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4); 12 N.Y. Comp. Codes R. & Regs. 142-2.6; NYLL § 661; NYLL § 161(4).

### *Unpaid Leave Time Pay-Out*

61. Upon Plaintiff's separation from the company, the Company failed to pay her all accrued paid leave time to which she was entitled.

62. Defendant failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

### *Willfulness and Damages*

63. Defendants willfully violated the rights of Plaintiff by failing to pay her for all of the hours she actually worked.

64.  Defendants willfully violated the rights of Plaintiff by failing to pay her at a rate of not less than one and one-half times her regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

65. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 9

costs associated with bringing the action.  NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff interest;

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **1st** day of **June, 2016.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mena v. Brabble*
USDC, Southern District of New York

Complaint
Page 10