**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SOPHIA MENA,

              Plaintiff,

v.

BRABBLE, INC., a corporation;
BRABBLETV.COM LLC, a corporation;
JEFFREY DEPALMA, an individual;
PATRICK MACARONIS, an individual;
PETER KAHN, an individual;

              Defendants.

Case No. 1:16-cv-04075-WHP

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AND DAMAGES

**Penn A. Dodson (PD 2244)**
**Alexander L. Gastman (AG 5041)**
ANDERSONDODSON, P.C.
penn@andersondodson.com
alex@andersondodson.com
11 Broadway
Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax
Attorneys for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

Mena v. Brabble, Inc. et al
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 1

# I.   Table of Contents

I.   PRELIMINARY STATEMENT ...................................................................... 7

II.   BACKGROUND FACTS AND PROCEDURAL HISTORY ............................ 8

III.   ARGUMENT ................................................................................................. 8

   A.   DAMAGES CALCULATION OVERVIEW ............................................. 8

   B.   PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO A DEFAULT JUDGMENT ..... 10

     1.   FLSA .................................................................................................. 10

     2.   NYLL ................................................................................................. 12

     3.   Defendants' Liability ........................................................................ 13

       a)   Overtime Pay ............................................................................... 13

       b)   Minimum Wages ......................................................................... 14

       c)   Wage Notices ............................................................................... 14

   C.   PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DAMAGES ............ 15

     1.   Actual Damages ................................................................................ 15

     2.   Liquidated Damages ........................................................................ 17

       a)   FLSA ............................................................................................ 17

       b)   NYLL ........................................................................................... 18

     3.   Failure to Furnish a Proper Wage Notice ...................................... 19

     4.   Interest .............................................................................................. 20

       a)   Pre-judgment interest on state law claim ................................. 20

       b)   Post-judgment interest on all amounts awarded ...................... 20

IV.   ATTORNEYS' FEES AND COSTS .............................................................. 21

V.   CONCLUSION ............................................................................................. 21

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

## II.    TABLE OF AUTHORITIES

**CASES**

*Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008)...........16

*Barrentine v. Arkansas–Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981)...........................10

*Callier v. Superior Bldg. Servs. Inc.*, 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010)...........18

*Chandler v. Bombardier Capital Inc.*, 44 F.3d 80, 83 (2d Cir. 1994) ....................................19

*Chun Jie Yun v. Kim,* 2008 WL 906736, at *4 (E.D.N.Y. Apr.1, 2008)................................12

*Gomez v. El Rancho de Andres Carne de Tres Inc.*, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014)...........................................................................................................................10

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992) ..........14

*Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012).......................................17, 18, 19

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) .........................................................20

*Herman v. RSR Security Services LTD,* 172 F.3d 132, 142 (2d Cir. 1999) .........................16

*Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, 2015 WL 128020, at *6 (E.D.N.Y. Jan. 8, 2015)...............................................................................................................17

*Herrera v. Tri-State Kitchen & Bath, Inc.*, 2015 WL 1529653, at *4 (E.D.N.Y. Mar. 31, 2015) ..............................................................................................................................12, 13

*Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *5 (S.D.N.Y. Sept. 30, 2010)..............................................................................................................................18

*Jones v. East Brooklyn Services Corp. et al.*, 2012 WL 3235784, at *4 (E.D.N.Y. Aug.7, 2012) ....................................................................................................................................11

*Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671, at *9 (S.D.N.Y. May 22, 2006) 12

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Lanzetta v. Florio's Enters., Inc.*, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) .................. 17

*Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ..................................................................... 19

*Li Ping Fu v. Pop Art Intern. Inc.*, 2011 WL 4552436, at *4 (S.D.N.Y. Sept. 19, 2011) .............. 17

*Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412 (S.D.N.Y. Jan. 7, 2004) .......................................... 14

*Nakahata v. New York–Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013) ............. 12

*Pavia v. Around The Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005) 19

*Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011) .................................................. 17

*Ramnarain v. City of New York*, 474 F. Supp. 2d 443, 448 (E.D.N.Y. 2007) .................................... 19

*Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) ............................... 18

*Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) .......................................... 19

*Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) .................................................. 19

*Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of*
*Am., AFL-CIO*, 619 F.2d 963, 967 (2d Cir. 1980) ................................................................... 15

*Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) ......................................................... 15

*Suggs v. Crosslands Transp., Inc.*, 2015 WL 1443221, at *9 (E.D.N.Y. Mar. 27, 2015) .............. 17

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d
Cir.1997) ................................................................................................................................. 14

*U.S. v. Tate & Lyle North American Sugars, Inc.*, 228 F. Supp. 2d 308, 326 (S.D.N.Y. 2002) ... 19

*Villegas v. Monica Rest. Corp.*, 2013 WL 4046261, at *3 (E.D.N.Y. Aug. 8, 2013) ...................... 15

*Villegas*, 2013 WL 4046261 at *3 ............................................................................................ 17

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008) ................................ 18

## STATUTES

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

28 U.S.C. § 1961 ....................................................................................................................... 19

28 U.S.C. § 1961(a) ................................................................................................................. 18

28 U.S.C. § 1961(b) ................................................................................................................. 18

29 U.S.C. § 203(s)(1)(A) ........................................................................................................... 9

29 U.S.C. § 211(c) ..................................................................................................................... 9

29 U.S.C. § 216(b) ....................................................................................................... 13, 15, 19

29 U.S.C. § 255(a) ................................................................................................................... 14

29 U.S.C. §215(a)(5) .................................................................................................................. 9

NYLL  § 198(3) ................................................................................................................. 11, 14

NYLL § 195(1) ......................................................................................................................... 17

NYLL § 198(1-d) ............................................................................................................... 12, 17

NYLL § 652 ............................................................................................................................. 11

NYLL §§ 195(1)(a) ............................................................................................................ 11, 12

NYLL §§ 195(3) ................................................................................................................. 11, 17

NYLL §§ 198 ........................................................................................................................... 16

NYLL §§ 198(1-a) ................................................................................................................... 16

NYLL §198 ....................................................................................................................... 13, 17

**REGULATIONS**

29 C.F.R. § 516.2(a)(1)-(12) ..................................................................................................... 9

29 CFR § 541.2 .......................................................................................................................... 6

NYCRR tit 12, § 142–2.2 ........................................................................................................ 11

NYCRR tit. 12, § 138–3.1 ....................................................................................................... 11

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 5

NYCRR tit. 12, § 142–2.1(a)(1) ................................................................................................................ 11

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 6

## I.     PRELIMINARY STATEMENT

As alleged in her Complaint Plaintiff, Sophia Mena ("Mena") was wholly unpaid for at least four months of her employment with Defendants, and throughout her employment was not paid any overtime premium pay for the hours over 40 that she worked.  Defendants having all wholly failed to respond to the instant action, Plaintiff now moves for a default judgment and damages.

Plaintiff brought the instant action against Defendants Brabble Inc., BrabbleTV.com LLC, James ("Jim") Trolice ("Trolice"), Patrick ('Pat') G. Macaronis ("Macaronis"), Jeffrey DePalma ("DePalma"), and Peter Kahn ("Kahn") (collectively as "Defendants") by way of a Complaint filed on June 1, 2016, to recover for Defendants' violations of: (i) the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime and minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 650, *et seq*.; (iii) the NYLL's wage payment requirement, NYLL § 663; and (vi) the NYLL's requirement that employers furnish employees with wage notice containing specific categories of accurate information upon hire, NYLL § 195(1).

The time for Defendants to answer or otherwise respond to Plaintiff's Complaint has expired, and on September 13, 2016, Plaintiff moved for a Clerk's Certificate of Default. (Docket Number ("Dkt. 26").  On September 20, 2016, the Court Ordered Plaintiff to submit a motion for default judgment, memorandum of law, and supporting documentation by October 31, 2016.  On October 28, 2016, the Clerk issued the Certificate of Default. [Dkt. 32].  As such,

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 7

Plaintiffs respectfully submit this Memorandum of Law in support of their motion for default judgment and damages pursuant to the FLSA and the NYLL[1].

## II.    BACKGROUND FACTS AND PROCEDURAL HISTORY

For a complete recitation of the procedural history relevant to the instant motion, Plaintiff respectfully refers the Court to the Declaration of Alexander L. Gastman, Esq., dated October 31, 2016, and filed contemporaneously herewith ("Gastman Decl.").

## III.   ARGUMENT

### A.    DAMAGES CALCULATION OVERVIEW

As alleged in the Complaint, Plaintiff worked for Defendants from April 22, 2013 to October 1, 2014. (Dkt. 1 at ¶ 35).  That is a span of 75.3 weeks.  Her rate of pay was $125,000 per year. (*Id*. at ¶ 37).  Plaintiff alleges that she was wholly unpaid for at least four months of her employment. (*Id*. at ¶ 1).  Four months is one third of a year.  One third of $125,000 is $41,666.67.  This amount does not contemplate any overtime wages.

Plaintiff also alleges that she worked more than 40 hours a week (*Id*. at ¶ 39) but was not paid anything additional for her overtime worked. (*Id*. at ¶¶ 40, 43, 54).  Exemption from overtime is an affirmative defense and Defendants have not responded or otherwise asserted any such defenses.  Even if they had, at a minimum they squarely cannot meet the salary basis test for all workweeks for which she was wholly unpaid, as $0 is less than $455 per week.  Her title was "Director of Product and Technology" (*Id*. at ¶ 36) but title alone is insufficient to determine exemption status. 29 CFR § 541.2.  Because exemption is an affirmative defense Plaintiff need

---

[1] Plaintiff submits this following memorandum of law and calculations of damages together, which has resulted in a document beyond this Court's twenty-five-page limit.  In an effort to save the Court time when deciding this motion, instead of submitting two documents up to twenty-five pages each, Plaintiff has submitted a single document.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                    Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                                   Page 8

not have, and did not, describe the duties associated with her position in her complaint. However, to elucidate her role to the Court, her duties working for this approximately 10-employee new company varied widely, consisting of tasks such as scheduling meetings, attending conference calls, documenting user comments, and working with external vendors (such as app developers and creative designers) to ensure compliance with the company's expectations.  She did not "manage" other people; the three individual Defendants served as the "bosses."  Thus, it is far from certain that Defendants, even if they had appeared, would have been able to meet their burden of proof in regards to exemption status.

$125,000 divided by 52 weeks is $2403.85 per week.  $2403.85 per week divided by 40 hours per week is $60.10 per hour. *Giles v. City of New York*, 41 F.Supp.2d 308 (S.D.N.Y. 1999. Defendants did not keep track of her hours worked (Dkt. 1 at ¶ ¶ 38, 46, 60).  Plaintiff alleges that while her hours varied from week to week she worked approximately 40-70 hours per week. (*Id*. at ¶ 39).  She also explained that "sometimes she would start working at 6:00 or 7:00 in the morning when she was working with people in other time zones (such as India) but otherwise would start around 9:30am, and then would generally work until, on average, around 6:00pm." *Id*.  As a matter of just and reasonable inference, conservatively assuming a workday to be on average 10 hours, Plaintiff's compensable time would be 50 hours per week or 10 hours of overtime per week.

For the four months she was wholly unpaid, her unpaid overtime would be calculated as follows: 4 months x 4.3333 weeks/month x 10 hours x $60.10/hour x 1.5 = $15,624.88.

For the remainder of her employment, which is approximately 58 weeks, we will assume 4 of the weeks were non-overtime weeks due to holidays, vacations, or the like. 54 weeks x 10 hours x $60.10/hour x 1.5 = $48,677.88.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

Thus, the backpay she is owed consists of the following:

$41,666.67    wholly unpaid wages
$15,624.88    overtime during period she was wholly unpaid
$48,677.88    overtime for the remainder of her employment
$105,969.43   TOTAL (backpay)

Because Plaintiff filed her complaint on June 1, 2016, the applicable statutory period under the FLSA runs from June 1, 2013 to her separation on October 1, 2014; under the NYLL's six-year statute of limitations the entirety of her April 22, 2013 to October 1, 2014 employment is covered.  Assuming no "stacking" of state and federal liquidated damages, she is entitled to another $105,969.43 for liquidated damages.  Pursuant to CPLR § 6002 she is also entitled to prejudgment interest on her back pay at a rate of 9% per annum, simple, from the midpoint of her employment (which is January 10, 2014) to the date of the judgment.  Assuming the date of judgment to be December 1, 2016, interest calculated on that basis would be $27,579.63.  She is also owed $5,000 in statutory wage notice penalties.  Plaintiff also requests reasonable attorney fees and costs for the prosecution of this matter and will be submitting a separate petition relating to those items.  Thus, Plaintiff's requests, in this petition, are summarized as follows:

$105,969.43   BACKPAY
$105,969.43   LIQUIDATED DAMAGES
$ 27,579.63   INTEREST
$   5,000.00   WAGE NOTICE PENALTY
$244,536.49   TOTAL

To date, none of these amounts have been paid.

### B.    PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO A DEFAULT JUDGMENT

#### 1.    FLSA

The FLSA was enacted by Congress "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*                                    Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                      Page 10

of the minimum standard of living necessary for the health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas–Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).  Employers who violate this provision "shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 207(a); 29 U.S.C. § 216(b).

Section 211(c) of the FLSA requires that covered employers "make, keep and preserve ... records" of their employees with respect to "wages hours, and other conditions and practices of employment" for a certain period of time. 29 U.S.C. §207(a); 29 U.S.C. § 211(c); 29 U.S.C. §215(a)(5); 29 C.F.R. § 516.2(a)(1)-(12).

In order to qualify for the protection of the FLSA, a plaintiff must establish either enterprise or individual coverage under the statute. See *Gomez v. El Rancho de Andres Carne de Tres Inc.*, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014); see also 29 U.S.C. § 203(s).  An enterprise is "engaged in commerce" where it "has employees engaged in [interstate] commerce or in the production of goods for [interstate commerce], or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for [interstate commerce]." 29 U.S.C. § 203(s)(1)(A).

Lastly, Defendants must be deemed "employers" under the FLSA for liability to attach. See *Gomez*, at *4.  A plaintiff further makes out his burden by alleging that the individual defendant supervised, assigned work to, and/or controlled the rate of pay of the plaintiff. *Id*.

Here, Plaintiff has established both individual and enterprise coverage.  Brabble holds itself out to the public by stating on its website that it is "The all-in-one social media network app that lets you communicate mixing audio, video, photo & text!" (www.brabble.com).  As to

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 11

individual coverage, Plaintiff alleges that she handled goods that have been and continue to be moved in interstate commerce. (Dkt. No. 1 at ¶ 8).

As to enterprise coverage, Plaintiff alleges that the Defendants qualifying annual business exceeded $500,000 and that Defendants were engaged in interstate commerce within the meaning of the FLSA because Defendants purchased and sold products and supplies provided by outside vendors in the course of their business that originated in states other than New York. (Dkt. No. 1 at ¶ 7); see *Jones v. East Brooklyn Services Corp. et al.*, 2012 WL 3235784, at *4 (E.D.N.Y. Aug.7, 2012).   According to a June 20, 2016 PRNewswire article, "The world of social media continues to evolve with some of the industry's top names coming together for what looks like could be the next big thing. While Brabble may not have a multi Billion Dollar Valuation yet, it has already successful raised over 8 Million Dollars as they move towards their next capital raise." See PR Newswire, *Industry Rockstars Join Social Media Company "Brabble" as They Launch Out of Beta* (June 20, 2016), http://www.prnewswire.com/news-releases/industry-rockstars-join-social-media-company-brabble-as-they-launch-out-of-beta-300287045.html.

Moreover, Plaintiff has established that all Defendants were "employers" as defined by the FLSA.    Plaintiff alleged that she worked for Brabble Inc. at the direction of Macaronis, Trolice, Kahn, and DePalma. (Dkt. No. 1 at ¶¶ 11-32).

Based on the above, Plaintiff has established that she is entitled to the protections of the FLSA and that Defendants are employers within the meaning of the statute.

### 2.    NYLL

The NYLL is the state analogue to the federal FLSA.   Although the NYLL does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 12

minimum amount of sales, it otherwise mirrors the FLSA in most aspects, including its minimum wage and overtime compensation provisions. *Chun Jie Yun v. Kim,* 2008 WL 906736, at *4 (E.D.N.Y. Apr.1, 2008); NYLL § 652; NYCRR tit. 12, § 142–2.1(a)(1) (same); NYCRR tit 12, § 142–2.2 (same methods as employed in the FLSA for calculating overtime wages).   Because NYLL provisions are "substantially similar to the federal scheme," analysis of overtime claims under federal law would apply equally to claims brought under the FLSA and New York law. *Herrera v. Tri-State Kitchen & Bath, Inc.*, 2015 WL 1529653, at *4 (E.D.N.Y. Mar. 31, 2015). The minimum wage under the NYLL for the relevant time period ranged from $7.25 per hour to $8.75 per hour. See NYLL  § 198(3); *Chun*, 2008 WL 906736, at *6; *Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671, at *9 (S.D.N.Y. May 22, 2006).   Finally, New York law requires that employees be furnished with written notice with rate or rates of pay and basis for payment, allowances, if any, the regular pay day, employer's name and contact information. See NYLL §§ 195(1)(a) and (3), 661; NYCRR tit. 12, § 138–3.1 (specifying content of employer's records).

### 3.   Defendants' Liability
#### a)   Overtime Pay

In order to sufficiently allege a claim for overtime pay violations under the FLSA or the NYLL, a plaintiff must "provide sufficient detail about the length and frequency of [plaintiffs'] unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York–Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013).

In the Complaint, Plaintiff specifically alleges the hours she worked for Defendants, including hours over forty in a workweek for which premiums were not paid. (Dkt. No. 1 at ¶ 27,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 13

30).  Therefore, Plaintiff has met her burden of establishing Defendants' liability for the alleged overtime violations.

### b)     Minimum Wages

In order to sufficiently allege an unpaid minimum wage claim under the FLSA or NYLL, a plaintiff must allege that they were paid below the mandate of Section 206 of the FLSA or NYLL § 652, respectively.  The minimum wage under the FLSA was $7.25 per hour throughout the relevant period and the minimum wage under the NYLL was $7.25 per hour from July 24, 2009 through December 31, 2013, $8.00 per hour from December 31, 2013 to December 31, 2014, $8.75 per hour from December 31, 2014 to December 31, 2015, $9.00 per hour from December 31, 2015 and the present.  For the periods in which the Plaintiff was paid nothing at all, she was paid less than the applicable minimum wage rates.

### c)     Wage Notices

Pursuant to NYLL § 195(1), employers are required to furnish employees at the time of hiring and yearly thereafter with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. See NYLL § 195(1)(a).  Failure to issue notices constitutes a violation of this section for which employers are liable for a statutory penalty pursuant to NYLL §198(1-d). See NYLL § 198(1-d); *Herrera*, at *6 (E.D.N.Y. Mar. 31, 2015).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                                      Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                                                                Page 14

Here, Plaintiff alleges in the Complaint that Defendants willfully failed to provide her with a wage notice as required by the NYLL. (Dkt. No. 1 at ¶ 59); NYLL § 195(1)(a).

As such, it is undisputed that Plaintiff did not receive written notice of wage information required under the NYLL and the Defendants are therefore liable for damages under § 198(1)(b) in the amount of $5,000.

### C.    PLAINTIFF HAS ESTABLISHED ENTITLEMENT TO DAMAGES

The Defendants' default is an admission to the Plaintiff's well-pleaded allegations, except as they relate to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992).  Damages must be established to a "reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997); *Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412 (S.D.N.Y. Jan. 7, 2004) (collecting cases).

As evidenced from the well pleaded facts in the complaint, Plaintiff has established the following: (1) Plaintiff was an employee of Defendants entitled to protection under the NYLL and FLSA; (2) Defendants were employers of Plaintiff within the meaning of the FLSA and NYLL; (3) Defendants are subject to both enterprise and individual liability; (4) Plaintiff worked over forty hours per week; (5) Defendants paid Plaintiff for only their first forty hours of work; (6) Defendants did not provide Plaintiff with wage notice that accurately reflected the required criteria in NYLL 195(1), specifically, Defendants' failed to ever furnish Plaintiff with a wage notice and (7) Defendants wholly failed to pay Plaintiff for approximately four months.

#### 1.    Actual Damages

Under the FLSA and the NYLL, plaintiffs are entitled to their actual damages, i.e. their unpaid minimum wages and/or their unpaid overtime wages, as the case may be. See 29 U.S.C. § 216(b); NYLL §198.  A plaintiff, however, is only entitled to obtain actual damages for such

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                                    Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                                                            Page 15

unpaid wages that accrued during the applicable limitations period. See 29 U.S.C. § 255(a); *Villegas v. Monica Rest. Corp.*, 2013 WL 4046261, at *3 (E.D.N.Y. Aug. 8, 2013). Under Fed. R. Civ. P. 8(c), a statute of limitations defense is an affirmative defense that must be asserted in a responsive pleading. See *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 967 (2d Cir. 1980). As such, failure to plead an affirmative defense "results in 'the waiver of that defense and its exclusion from the case.'" *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1278, at 339 (1969)).

In contrast to the FLSA's two- or three-year statute of limitations periods, claims under the NYLL are subject to a six-year statute of limitations period. See NYLL §§198(3); *Villegas*, 2013 WL 4046261, at * 3 (noting the differing statute of limitations periods applicable to the FLSA and the NYLL and allowing the plaintiff to recover for damages that accrued during the NYLL's six-year statute of limitations period).

Here, Plaintiff has established that Defendants' practices violated both the FLSA and the NYLL. Plaintiff has further established that a defense based on the statute of limitations has been waived. Accordingly, Plaintiff is entitled to recover her actual unpaid overtime wages pursuant to the NYLL's six-year statute of limitation period. See *Id* at * 3. Therefore, in determining the statute of limitations for Plaintiff, the Court should utilize June 1, 2010 for all NYLL claims, and June 1, 2013 for all FLSA. As such, Plaintiff Mena claims damages from the start of her employment on April 22, 2013 through her separation on October 1, 2014.April 22, 2013 through her separation on October 1, 2014.

On June 1, 2016 Plaintiff commenced this action. See Complaint, Dkt. No. 1, Gastman Decl. Exhibit "A". Defendants are "employers" within the meanings of the FLSA and the

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 16

NYLL. <u>See</u> Gastman Decl. Exhibit "A" at ¶¶ 5-32, 35-36.  Plaintiff was an "employee" of Defendants within the meanings of the FLSA and the NYLL. <u>See</u> <u>Id</u>.  Defendants employed Plaintiff Mena from April 22, 2013 through October 1, 2014. <u>See</u> Gastman Decl. Exhibit "A" at ¶ 35.  Finally, Defendants continuously failed to pay Plaintiff her statutorily-required overtime wages at a rate of one and one-half times her regular rate of pay for any hours she worked over forty in a given workweek.

### 2.    Liquidated Damages
#### a)    FLSA

Under the FLSA, a plaintiff is entitled to liquidated damages in the amount of 100% the actual damages owed. <u>See</u> 29 U.S.C. § 216(b), *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); *Herman v. RSR Security Services LTD,* 172 F.3d 132, 142 (2d Cir. 1999).  Indeed, to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Barfield*, 537 F.3d at 150; *Herman*, 172 F.3d at 142.  With that bar set so high, the Second Circuit has confirmed that "double damages [are] the norm and single damages the exception." *Id*.

In this case, Plaintiff filed her Complaint with the Court on June 1, 2016. <u>See</u> Gastman Decl. Exhibit "A."  Plaintiff has alleged that Defendants' violations of the FLSA were willful. <u>See</u> Gastman Decl. Exhibit "A" at ¶¶ 47-49, 63-65.  Finally, Plaintiff has established that Defendants employed Mena from April 22, 2013 and that she worked for Defendants up until October 1, 2014. <u>See</u> Gastman Decl. Exhibit A at ¶ 35.  Therefore, Plaintiff is entitled to recover liquidated damages on her unpaid minimum wage and overtime wages under the FLSA for the

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                                    Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                                                        Page 17

three years preceding the filing of the complaint. See *Villegas*, 2013 WL 4046261 at *3; *Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011).

Furthermore, Defendants, who have failed to answer or otherwise respond to the instant action, have obviously done nothing to demonstrate that they reasonably and in good faith failed to pay Plaintiff her required overtime wages, or minimum wages. As such, the general rule of double damages for FLSA claims applies here, and Plaintiff should be entitled to liquidated damages on her actual damages for the three preceding the filing of the complaint in this matter.

### b)   NYLL

Since April 9, 2011, a plaintiff can recover liquidated damages in the amount of 100% of her actual damages. See NYLL §§ 198(1-a). Further, since November 24, 2009, under the NYLL, the employer must pay liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL §§ 198, 663.

Under the NYLL, a plaintiff is entitled to recover the applicable liquidated damages for any actual damages he or she incurred during the NYLL's six-year statute of limitations period. See, e.g., *Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 682 (S.D.N.Y. 2011).

Furthermore, the majority of district courts within the Second Circuit recognize that a plaintiff may recover both forms of liquidated damages for the same time period. See, e.g., *Suggs v. Crosslands Transp., Inc.*, 2015 WL 1443221, at *9 (E.D.N.Y. Mar. 27, 2015); *Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, 2015 WL 128020, at *6 (E.D.N.Y. Jan. 8, 2015); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 593-94 (S.D.N.Y. 2012); *Li Ping Fu v. Pop Art Intern. Inc.*, 2011 WL 4552436, at *4 (S.D.N.Y. Sept. 19, 2011); *Lanzetta v. Florio's Enters., Inc.*, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011); *Callier v. Superior Bldg. Servs. Inc.*,

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                          Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                                          Page 18

2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, 2010 WL 4159391, at *5 (S.D.N.Y. Sept. 30, 2010); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008).   These courts recognize the differing goals of these liquidated damages provisions, namely, that the FLSA's liquidated damages are meant to be compensatory while the NYLL's liquidated damages are meant to be punitive. See, e.g., *Gurung*, 851 F. Supp. 2d at 593-94; accord *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (while not directly dealing with this issue, noting the fact that "[l]iquidated damages under the FLSA are considered compensatory rather than punitive in nature")..

However, there is a split of authority on that issue and herein Plaintiff does not seek "stacking."

### 3.    Failure to Furnish a Proper Wage Notice

Under the NYLL, employers are required to furnish their employees with notices containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee. See NYLL § 195(1).   If an employer fails to provide an employee with the required wage statements, the employer is liable to the employee for statutory damages, as applicable here, of $100.00 for each work week that the violations occurred or continue to occur, up to a total of $5,000. NYLL § 198(1-d).

Here, Plaintiff adequately alleged that Defendants willfully failed to provide her with the required wage notice throughout the entirety of her employment with Defendants. See Gastman Decl. Exhibit "A" at ¶¶ 59, 63-65.   Accordingly, Plaintiff is entitled to the maximum $5,000 in statutory damages pursuant to NYLL §§ 195(3); 198(1-d).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 19

4.      **Interest**
   a)      **Pre-judgment interest on state law claim**

In addition to the liquidated damages that Plaintiff seeks pursuant to the FLSA and the

NYLL, Plaintiff is entitled to recover pre-judgment interest on her unpaid overtime claims under

the NYLL. *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999), *Chandler v.

Bombardier Capital Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Gurung v. Malhotra*, 851 F. Supp. 2d

583 (S.D.N.Y. 2012); *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011); *Pavia v.

Around The Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005).

   b)      **Post-judgment interest on all amounts awarded**

Aside from pre-judgment interest, "[t]he award of post-judgment interest is mandatory on

awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d

Cir. 1996) <u>citing</u> 28 U.S.C. § 1961(a); <u>see also</u> *Ramnarain v. City of New York*, 474 F. Supp. 2d

443, 448 (E.D.N.Y. 2007).   Post-judgment interest is calculated by the Clerk of the Court

pursuant to the provisions of 28 U.S.C. § 1961, and is available on the full judgment amount

"from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant

maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System,

for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a).   Post-judgment

interest is computed daily and compounded annually to the date of payment. 28 U.S.C. §

1961(b).   The purpose of awarding post-judgment interest is to compensate a plaintiff for the

delay suffered from the time his damages were entered into an enforceable judgment, until the

time that the defendant(s) ultimately pay the judgment. <u>See, e.g.</u>, *U.S. v. Tate & Lyle North

American Sugars, Inc.*, 228 F. Supp. 2d 308, 326 (S.D.N.Y. 2002).

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.SunnySideLaw.com*

*Mena v. Brabble, Inc. et al*                    Memo of Law in Support of P's Motion for Default
Case no. 1:16-cv-04075-WHP                                      Page 20

Accordingly, as the prevailing party on his federal claims, Plaintiff is entitled to post-judgment interest on all money awards (those awarded by the Court and requested in the sections of this motion above and below) in accordance with the provisions of 28 U.S.C. § 1961.

## IV.   ATTORNEYS' FEES AND COSTS

Both the FLSA and the NYLL are fee-shifting statutes that entitle the prevailing party to recover its reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) ("In any action . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees . . .") (emphasis added).  Plaintiff is the prevailing party for the purposes of the FLSA and the NYLL "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, upon entry of default, Plaintiff will have altered the legal relationship between herself and the Defendants, and thus will be the prevailing party, a conclusion which will be strengthened by any monetary award that the Court grants Plaintiff pursuant to this inquest on damages.  As such, Plaintiff will be separately moving for an award of fees and costs.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this motion and enter an Order against Defendants awarding:

Plaintiff Mena:

(1) actual damages under the NYLL and FLSA in the amount of $105,969.43;

(2) liquidated damages under the FLSA and NYLL in the amount of $105,969.43;

(3) pre-judgment interest under the NYLL in the amount of $27,579.63;

(4) statutory damages under the NYLL in the amount of $5,000; and

(5) post-judgment interest on all monies due at a daily rate to be determined by the Clerk of the Court until the Defendants comply with the judgment; and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 21

(6) any such other and further relief as the Court deems proper.

Respectfully submitted, this 31st day of **October, 2016.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.

**Alexander L. Gastman (AG 5041)**
*alex@andersondodson.com*

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

To: All parties via regular mail

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.SunnySideLaw.com

*Mena v. Brabble, Inc. et al*
Case no. 1:16-cv-04075-WHP

Memo of Law in Support of P's Motion for Default
Page 22